# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| MIGUEL CORRALES, individually and on behalf of all others similarly situated, | **Case No.** 1:25-cv-9146 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TRANSDEV NORTH AMERICA, INC. | **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |
| Defendant. |  |

Plaintiff MIGUEL CORRALES ("Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through his attorneys, alleges as follows:

## INTRODUCTION

1.     This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq., on behalf of all current and former full-time employees of TRANSDEV NORTH AMERICA, INC. ("Transdev" or "Defendant") who took short-term military leave from Transdev since 2005 and did not receive compensation and/or paid leave from Transdev during such short-term military leave.

2.     Chapter 38 U.S.C. § 4316 (b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R. §

1

1002.150.  Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves.  *See* 38 U.S.C. § 4303(2).

3.     Transdev has violated 38 U.S.C. § 4316(b) by paying compensation to Transdev employees who take leave for non-military reasons, such as vacation, sick leave, and casual or personal leave but not providing any compensation to Transdev servicemember employees who take short-term military leave.

4.     Due to Transdev's violations, Plaintiff and other servicemembers employed by Transdev have received less compensation than they would have received had Transdev provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

5.     This action seeks: (a) a declaration that Transdev violated USERRA by failing to provide Class Members with pay during their short-term military leave despite providing pay for comparable forms of leave; (b) an order requiring Transdev to pay servicemembers on short-term military leave as it does to comparable forms of leave; and (c) an order requiring Transdev to recalculate and pay compensation to Plaintiff and other members of the Class consistent with USERRA.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which gives the district courts of the United States jurisdiction over a USERRA action brought against a private employer.  This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under a federal law.

7.     This Court has personal jurisdiction over Defendant Transdev because a substantial portion of the Plaintiff's claims arise out of or relate to the Defendant's contacts with Illinois.

8.     Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant Transdev is a private employer that maintains multiple places of business throughout this District.  Venue is also proper in this District under 28 U.S.C. § 1391(b)(1), because Defendant Transdev resides in this District.

## PARTIES

9.     Mr. Corrales was employed as a full-time road supervisor, quality control supervisor and/or similar job titles/positions for Transdev from approximately May 2020  through approximately February 2022.

10.     Throughout his tenure, Mr. Corrales served as a National Guard reservist, which necessitated monthly weekend miliary leave as well as up to approximately five (5) consecutive military leave days per month that were unpaid. Mr. Corrales was also required to take a mandatory fourteen (14) day military leave in the summer of 2020 and the summer of 2021, both of which were unpaid. Mr. Corrales' annual summer short-term military leaves were unpaid as were Mr. Corrales' monthly short-term military leaves lasting up to approximately five (5) consecutive days. Throughout the relevant period, Transdev offered paid leave for vacation, sick leave, personal time, and/or civic/jury duty leave. Mr. Corrales resides in California and worked for Transdev in Lancaster, California.

11.     Transdev is a Delaware corporation headquartered at 720 E. Butterfield Rd., Suite 300, Lombard, Illinois 60148. According to its website, Transdev is the largest private operator of public transportation in the United States, offering services such as bus, paratransit, rail, NEMT, microtransit, shuttle, and autonomous vehicles. Transdev partners with airports, private

3

companies, cities/counties, and universities to operate and maintain transportation systems, and provide fleet maintenance and vehicle services.[1] Transdev is an employer within the meaning of 38 U.S.C. § 4303(4)(A). At all times during Plaintiff's employment with Transdev, Transdev employed Plaintiff and controlled his work opportunities, including the rights and benefits he received during periods of short-term military leave.

## FACTUAL ALLEGATIONS

### USERRA Required Transdev to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Pay

12.     Chapter 38 U.S.C. § 4316(b)(1) provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

> (A)    deemed to be on furlough or leave of absence while performing such service; and

> (B)    entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

13.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including pay, 38 U.S.C. § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.*; *see also* 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.150(a).

14.     As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave"

---

[1] *See Transdev U.S. by the Numbers*, TRANSDEV, https://transdevna.com/about-us/key-facts/ (last visited July 23, 2025).

4

under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

**Transdev Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves**

15.     38 U.S.C. § 4316(b)(1) "sets forth an equality principle, not a floor or a cap on benefits." *White v. United Airlines, Inc.,* 987 F.3d 616, 624 (7th Cir. 2021). Section 4316(b)(1) "permits paid leave to the extent that the marginal days of military leave are 'comparable' to leave based on circumstances such as sick leave or jury duty." *Id.*

16.     Pursuant to Transdev's policy, Transdev failed to pay Plaintiff and the members of the Class during each period in which they took short-term military leave from at least May 2020 (when Plaintiff began his employment with Transdev) to the present. However, Transdev provided employees with paid vacation, sick leave, "floater" days, and/or jury duty leave during this same time period.

17.     Throughout the relevant time period, full-time Transdev employees are eligible to receive vacation pay and/or paid time off. For example, based on information and belief, throughout the relevant time period, after one year of continuous service with the company, full-time Transdev employees are provided with at least forty (40) hours to eighty (80) hours of vacation. Based on information and belief, Transdev's vacation policy was not capped at forty (40) hours of vacation. For example, many if not most job postings on Transdev's own website indicate that compensation for the position offered includes paid time off, including but not limited to, *at least* two-weeks of vacation pay plus sick leave pay and paid "floating" days. For example, Transdev's job postings for an available Road Supervisor position in Lancaster, California, and for an available Operations Supervisor position in Vallejo, California, both offer a *minimum* of two-

weeks paid vacation, five (5) sick days, and four (4) paid "floating" days. *See* Exhibits 1 & 2 for true and correct copies of Transdev's job listings for the Road Supervisor position and Operations Supervisor position respectively, which are both advertised as offering a "minimum of two (2) weeks" vacation, 5 sick days, and 4 "floating" days. Similarly, Transdev's job posting for an available Regional Maintenance Manager position in Lombard, Illinois, also offers a *minimum* of two-weeks paid vacation, five (5) sick days, and four (4) paid "floating" days. *See* Exhibit 3 for a true and correct copy of Transdev's job listing for a Regional Maintenance Manager position advertised as offering a "minimum of two (2) weeks" vacation, 5 sick days, and 4 "floating" days.

18.     Throughout the relevant time period, Transdev has provided full-time employees with at least one (1) to two (2) weeks of paid vacation after one (1) or less years of service. Additionally, throughout the relevant time period, Transdev offered at least four (4) to five (5) sick days per year to most if not all full-time employees as well as anywhere between four (4) and sixteen (16) paid "floater" days/ "floating" days per year. Based on information and belief, some if not all Transdev employees were also offered civic duty/jury duty leave.

19.     Vacation, sick leave, and casual or personal leave (*e.g.*, paid "floater" days), and/or jury duty leave are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

**DURATION: The Other Leaves Are Comparable to Short-Term Military Leave in Duration**

20.     "Section 1002.150 states that duration is the most significant factor to compare when determining if 'any two types of leave are comparable.' In context, 'any two types of leave' must refer to (1) military leave and (2) another employer-offered leave. As the regulation explains, 'a two-day funeral leave will not be comparable to an extended leave for service.' But while an 'extended' military leave is not comparable to a 'two-day funeral leave,' it is entirely possible that

a two-day military leave *is* comparable to a two-day funeral leave." *Clarkson v. Alaska Airlines, Inc.,* 59 F.4th 424, 433 (9th Cir. 2023) (citing 20 C.F.R. § 1002.150). For employees of Transdev, the duration of vacation, sick leave, jury duty, and/or paid "floater days are comparable to the duration of short-term military leave.

21.     Transdev offers many of its full-time employees at least eighty (80) hours of paid vacation. This amounts to at least two weeks' worth of work for many full-time employees – sometimes more, as Transdev offers more than two weeks of paid vacation to at least some employees. Furthermore, many if not all employees are credited with at least four (4) to five (5) sick days per year and between at least four (4) and sixteen (16) "floater" days per year. *See* Exhibits 1-3 for true and correct copies of Transdev's job listings for the Road Supervisor position, Operations Supervisor position, and Regional Maintenance Manager position, respectively, which are all advertised as offering a "minimum of two (2) weeks" vacation, 5 sick days, and 4 "floating" days.

22.     Throughout his tenure, Mr. Corrales served as a National Guard reservist, which necessitated monthly weekend military leave as well as between approximately two (2) and five (5) consecutive military leave days per month that were unpaid. Mr. Corrales was also required to take a mandatory fourteen (14) day military leave in the summer of 2020 and the summer of 2021, both of which were unpaid. Mr. Corrales' annual summer short-term military leaves were unpaid as were Mr. Corrales' monthly short-term military leaves lasting between approximately two (2) and five (5) consecutive days. For example, based on information and belief, Transdev unlawfully required Mr. Corrales and other Class Members to use their accumulated vacation pay to fulfill their military service obligations.

23.     Mr. Corrales was required to take short-term military leave on a monthly basis as well as an annual fourteen (14) day short-term military leave, which were unpaid by Transdev.  For example, Mr. Corrales was ordered to report for duty for approximately two (2) and five (5) consecutive military leave days per month and subsequently was required to take unpaid leave from his employment at Transdev to comply with his obligation to the military. This approximately two (2) to five (5) day military leave is comparable to civic/jury duty, paid personal/ "floater" days and/or sick days that Transdev offers to non-military employees.  Mr. Corrales was also ordered to take a mandatory fourteen (14) day military leave in the summer of 2020 and the summer of 2021, both of which were unpaid by Transdev. This approximate two-week period of military leave is comparable to the paid vacation leave that Transdev offers to non-military employees. *See* Exhibits 1–3 for true and correct copies of Transdev's job listings for the Road Supervisor position, Operations Supervisor position, and Regional Maintenance Manager position, respectively, which are all advertised as offering a "minimum of two (2) weeks" vacation, 5 sick days, and 4 "floating" days.

**PURPOSE: Transdev's Paid Leaves Are Comparable to Short-Term Military Leave in Purpose**

24.     Transdev's vacation, sick leave, jury duty, casual or personal leave and/or  paid "floater" days are also comparable to short-term military leave in their purpose. For example, illness, the various and often unexpected circumstances that requires an employee to take casual or personal leave, jury duty, or vacation days, can prevent an employee from performing their job duties similar to military duty. Furthermore, jury duty and sick leave are all short-term and involuntary—if not for unexpectedly falling ill, the death of a family member, or receiving a jury summons, this leave would otherwise not be taken by employees. In addition, like military service, jury duty is taken to perform a civic duty and public service.

8

**CONTROL: The Other Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave**

25.     Plaintiff could not control or negotiate the times when he would be assigned to take leave from his employment with Transdev to comply with his military obligations. Plaintiff could not control or negotiate when he was scheduled to report to duty. Sick leave is typically taken due to a short-term, involuntary medical condition that prevents an employee from working. Casual/personal leave (*e.g.*, paid "floater days) is often taken due to expected or unexpected personal reasons or unforeseen circumstances. Plaintiff and employees would also have no choice when to participate in jury duty. Similarly, short-term military leave occurs involuntarily, arising due to a servicemember's obligation to perform military service as directed by the military.

**UNPAID: Transdev's Policies Do Not Provide Paid Leave for Short-Term Military Leave**

26.     Transdev's policy or practice of refusing to pay servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates 38 U.S.C. § 4316(b), because Defendant denies servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b); *see also* 38 U.S.C. § 4303(2).

27.     Transdev's policies unlawfully deny Plaintiff and Transdev's servicemember employees the pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they take vacation, sick leave, jury duty, personal leave (e.g., paid "floater" days) or other comparable forms of non-military leave.

9

**Plaintiff's USERRA-Protected Military Leave**

28.     Mr. Corrales has performed military service in the US National Guard reserve from at least in or around early 2020 through at least approximately February of 2022. During his employment with Transdev, Mr. Corrales was required to take monthly weekend miliary leave as well as up to approximately five (5) consecutive military leave days per month that were unpaid. Mr. Corrales was also required to take a mandatory fourteen (14) day military leave in the summer of 2020 and the summer of 2021, both of which were unpaid. Mr. Corrales' annual summer short-term military leaves were unpaid, as were Mr. Corrales' monthly short-term military leaves lasting up to approximately five (5) consecutive days.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All current and former full-time employees of Transdev who took short-term military leave (periods of 15 days or fewer) from their employment with Transdev at any time through the date of judgment in this action.

**Impracticality of Joinder**

30.     The members of the Class are so numerous that joinder of all members is impracticable. Defendant Transdev is the largest private operator of public transportation services in the United States, that, according to Transdev's website, operates within forty-six (46) states in the United States, Washington D.C. and Puerto Rico, and employs at least approximately 32,000 people within the United States.[2]

**Commonality**

---

[2] *See Transdev U.S. by the Numbers*, TRANSDEV, *https*://transdevna.com/about-us/key-facts/ (last visited July 23, 2025).

31. The central question in this case that will generate a common answer as to the Class is whether Transdev's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates 38 U.S.C. § 4316(b) because Transdev pays employees who take other forms of comparable leave.

32. Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which Transdev fully or partially pays its employees; and (b) whether Transdev's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

33. Because Transdev adopted and applied a policy or practice of not providing pay to its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

34. As Transdev acted in a uniform way with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.

**Typicality**

35. Plaintiff's claims are typical of the other members of the Class because the claims challenge a policy or practice by which Transdev failed to pay its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave.

36. Transdev has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**Adequacy**

11

37.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

38.     Plaintiff does not have any conflict with any other member of the Class.

39.     Plaintiff is represented by counsel with significant experience in prosecuting class action and other complex litigation.

**Rule 23(b)(2)**

40.     The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Defendant has acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

41.     Defendant maintained a uniform policy or practice as to all members of the Class. Defendant is alleged to have violated USERRA by refusing to pay its employees during periods of short-term military leave on an equivalent basis to other comparable forms of leave. As such, Defendant has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

42.     The relief sought consists of (a) a declaration that Defendant violated USERRA by failing to pay its employees during periods of short-term military leave despite paying employees other forms of non-military leave (b) an order requiring Defendant to recalculate and pay compensation to Class Members consistent with the requirements of USERRA.

**Rule 23(b)(3)**

43.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the

12

Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

44.     The common questions of law and fact concern whether Transdev's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by Transdev's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

45.     A class action is superior to other available methods for the fair and efficient resolution of this controversy.  By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Without class certification, other litigation may produce inconsistent judgments regarding Defendant's USERRA obligations.

46.     The members of the Class have an interest in a single adjudication of the issues presented in this action.  Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all members of the Class would benefit from a class action that obtains relief for all members of the Class.

47.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper.

**COUNT 1**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of Plaintiff and the Class)**

48.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

13

49.    USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

50.    Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave and employees who take other comparable forms of non-military leave, pursuant to 38 U.S.C. § 4316(b), 38 U.S.C. § 4316(b).

51.    The Department of Labor's regulation that implements and interprets 38 U.S.C. § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services."  20 C.F.R. § 1002.150(b).

52.    As described above, the types of leave for which Transdev has provided employees paid leave—including vacation, sick leave, jury duty, casual or personal leave (e.g., paid "floater" days)—are comparable to short-term military leave in terms of the duration, purpose, and the ability of the employee to determine whether to take the leave.

53.    By adopting and applying a policy or practice of not paying servicemember employees who take short-term military leave, Transdev denied Plaintiff and the Class the same "rights and benefits" that Transdev provided to employees who take other comparable forms of

non-military leave. Thus, Transdev failed to provide employees on short-term military leave the most favorable treatment that Transdev afforded employees on other comparable forms of non-military leave. By doing so, Transdev violated 38 U.S.C. § 4316(b)(1).

54. Due to Transdev's failure to comply with 38 U.S.C. § 4316(b)(1), Plaintiff and other members of the Class have received less compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

55. Upon information and belief, Defendant's violations of 38 U.S.C. § 4316(b)(1) were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, TRANSDEV NORTH AMERICA, INC., on all claims and respectfully requests that this Court award the following relief:

A. Declare that Defendant's policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B. Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C. An Order from this Court certifying this case as a class action pursuant to Fed. R. Civ. P. 23.;

D. Declare that Defendant must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for sick leave, or other comparable forms of short-term, non-military leave;

15

E.      Require Defendant to provide pay to Transdev full-time employees when they take short-term military leave on the same basis as drivers who take leave for vacation, sick leave, casual or personal leave (e.g., paid "floater" days) or any other comparable forms of short-term, non-military leave;

F.      Require Defendant to recalculate and pay the paid leave that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

G.      Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

H.      Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

I.      Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

J.      Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: August 1, 2025                  Respectfully submitted,


                                        /s/ Derek Y. Brandt
                                        Derek Y. Brandt (ARDC #6228895)
                                        Bryan P. Thompson (ARDC #6310322)
                                        CLARKSON LAW FIRM, P.C.
                                        875 North Michigan Avenue, 31st Floor
                                        Chicago, Illinois 60611
                                        Tel.: (312) 300-6820
                                        dbrandt@clarksonlawfirm.com

bthompson@clarksonlawfirm.com

Glenn A. Danas (*pro hac vice* forthcoming)
Maksim Gorbunov (*pro hac vice* forthcoming)
Michael A. Boelter (*pro hac vice* forthcoming)
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, California 90265
Tel.: (213) 788-4050
gdanas@clarksonlawfirm.com
mgorbunov@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Jamie K. Serb (*pro hac vice* forthcoming)
Zachary M. Crosner (ARDC #6343989)
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, Ca 90210
Tel: (866) 276-7637
jamie@crosnerlegal.com
zach@crosnerlegal.com